Daniel, J.
 

 First,
 
 we are of opinion, that the slave called little Summerset, was not intended by the parties to the bond, to be described as “ a child of Mary deceased;” but that he stands in the condition of the said instrument, as one' among many slaves therein mentioned, without any other description than his own name. The punctuation of the comma, at the termination of his name in the original bond, (which is made a part of the case,) is in our opinion, conclusive evidence of the -correctness of this construction. And we also think that
 
 *672
 
 the words,
 
 “a child of Mary
 
 deceased,” following nest after the said comma, describes another slave, whose name was unknown to the parties, but it was, “ a child of Mary deceased.” rjij^ 0]^[£ 0f Mary .deceased, was proved on the trial to be named Sally.. And we think that she was one of the slaves described ir. the .condition of the bond sued on in this action.
 

 Secondly,
 
 little Summerset had been sold by T. H. Christmas, as early as the year 1830, (the bond was dated in Novem-.berl833,) to a man in Tennessee; and he has not been in IV arren County since. The defendant insisted, that Pas-chall, his intestate, did not covenant that Christmas would hold him, Summerset, subject to the order of the Court; but that he .covenanted for the surrender of those slaves only, which then were in the County, and which the sheriff under his writ of sequestration could have seized, in case no bond had been given by Christmas. When we examine the condition of the bond, we see that it recites the order, which had been made by the Court of Equity; which order, commahd-ed the sheriff of Warren forthwith to take into his possession the slayes, little .Summerset and others, whenever the said negroes, or any of them should be .found in his County; provided, however, that if Thomas H. Christmas will give to him a bond with security, made payable to the clerk and master, conditioned that the
 
 said
 
 slaves shall not be removed away, but that they shall be forthcoming upon the further order of the Court, then the sheriff is to permit T. H, Christmas to retain said negroes. The bond in its condition recites, that Christmas was desirous to retain the possession of
 
 all
 
 the property aforesaid, and is willing io comply with the above decree ; it then proceeds as follows, “ that if Thomas H. Christmas do well and truly comply, with
 
 all
 
 and
 
 each
 
 of the requisitions in the above written decree, by safely keeping, not removing away, and holding the same (property), subject to the order of the Court at the next term &c., then the said obligation to be void.” The decree certainly commanded the sheriff -to take into'his possession little Summerset, and all the other .property, and have him and it forthcoming at the next term
 
 *673
 
 of the Court, unless Christmas would give bond, conditioned that the
 
 said
 
 slaves (Summerset and others) should not be re-, moved away, but that they should be
 
 forthcomings
 
 upon the further order of the Court. The sheriff did not seize any of the property, under the writ of sequestration. When Christmas was notified of the decree, he executed the bond, well knowing that little Summerset was one of the slaves named in the decree to be forthcoming, when the Court should demand him; and he makes no reservation in the bond as to him. The obligation, we think, covers little Su mmerset and all the property mentioned in the decree: and not that onlyj which was within the reach of the sheriff.
 

 Thirdly, we concur with his Honor, that the conditions in the bond were not broken, until the Court of Equity made the order for the forthcoming of the said slaves, and notice thereof given to the obligors, and then a failure to produce them. And also that the said slaves should be valued as of that date, with interest on that sum to the rendition of the judgment as damages. It is not stated, that the slave Sally was of greater or less value, at the time of the breach .of the bond, than she was at the
 
 time of
 
 her sale; therefore that valuation being directed by the Court, is not a cause for a new trial.
 

 Per Curiam, Judgment for the plaintiff accordingly.